UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN NOLAN, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:06CV0007 RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on the motion of Melvin Nolan to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Nolan raises four arguments in support of his motion. He argues:

1. That his prior convictions for Second Degree Burglary and Escape were not "crimes of violence" and his prior convictions were not proven beyond a reasonable doubt and as a result his "sentence is a nullity and illegal";

2. His counsel was ineffective for allowing Nolan to withdraw his initial guilty plea.

3. His sentence was "imposed in violation of former constitutional law now invalid"; and

4. His sentence violates "double jeopardy" because he received the "this

type of sentence, incarceration, supervised release and a special assessment."

Mr. Nolan's arguments are not supported by law. As a result, Nolan's §2255 petition will be denied.

**Background.**

On February 20, 2004 Nolan entered a plea of guilty to a one count indictment.

The presentence report indicated that Nolan was subject to the statutory Armed Criminal Career provisions of 18 U.S.C. § 924(e). Nolan's status as an Armed Career Criminal increased his possible sentence. Nolan moved to withdraw his guilty plea because he claimed that at the time of his plea he was not aware of the possibility that he would be sentenced as an Armed Career Criminal. After several hearings I granted Nolan's motion to withdraw his guilty plea.

Before Nolan's new trial date he again decided to plead guilty. Nolan entered a plea of guilty with understanding that if he was found to be an Armed Career Criminal he was subject to a mandatory minimum sentence of 180 months.

At Nolan's sentencing, Nolan objected to his classification as an Armed Career Criminal. I denied Nolan's objections and found that four of his prior felony convictions were violent felonies: two non-residential burglary convictions and two escape convictions. Four prior violent felonies classified Nolan as an

Armed Career Criminal. As a result, Nolan was sentenced to a mandatory minimum sentence of 180 months followed by a five year term of supervised release. A special assessment of $100 was also required by statute.

Nolan appealed his conviction to the United States Court of Appeals for the Eighth Circuit. In his appeal Nolan argued that I erred when I determined his two prior convictions for second degree burglary and his two prior escape convictions were violent felonies. The Court of Appeals rejected this argument finding that it had consistently held that burglary and escape are crimes of violence under 924 (e) and U.S.S.G. § 4B.1. The Court of Appeals affirmed Nolan's classification as an Armed Career Offender and the resulting mandatory minimum sentence. United States v. Nolan 397 F.3rd 655 (2005). Nolan's petition for a writ of certiorari was denied by the United States Supreme Court on November 1, 2005.

Nolan filed this §2255 petition on January 3, 2006.

**Analysis.**

**A.     Nolan's sentence is consistent with established Constitutional Law.**

In his first ground for relief Nolan argues that the United States Supreme Court decision in United States v. Booker, 125 S.Ct. 738 (2005) prevented me, rather than a jury, from making any findings that would enhance his sentence.

Specifically, Nolan argues that my finding that he was an Armed Career Criminal was prohibited by Booker.

First, Nolan's claim is procedurally barred. This argument could have been raised by Nolan on direct appeal but he did not do so. Any argument that could properly be brought on direct appeal but is not, is procedurally barred and, absent circumstances which are not present here, cannot be brought in a motion for post-conviction relief. Dukes v. United States, 255 F.3d 912,913 (8th Cir. 2001).

Not only is Nolan's Booker argument procedurally defaulted but the argument fails on the merits as well.

In Booker, the United States Supreme Court held that "[a]ny fact, *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756 (emphasis added). See also United States v. Burns, 489 F.3d 994 (8th Cir. 2005). The United States Court of Appeals for the Eight Circuit has specifically held that "it does not violate Booker for the sentencing court to categorize a prior conviction for purposes of a sentence enhancement." Howard v. United States of America, 2005 WL 1368039 (8th Cir. 2005)

The law is clear that a sentencing court may make the finding as to whether

a prior conviction constitutes a violent felony or a serious drug offense for purposes of determining a defendant's criminal offense level. As a result, Nolan was properly sentenced as an Armed Career Criminal.

Nolan's first ground in support of his request for relief is denied.

**B.     Nolan's counsel was not ineffective when he "allowed" Nolan to withdraw his guilty plea.**

For his second ground for relief, Nolan asserts as follows:

> Due process rights are guaranteed, however in the instant case counsel was so deficient to allow the initial plea to be withdrawn that did not call for penalties under 924(e). PSR cannot act as a charging instrument, only the indictment itself authorizes this type of penalty, therefore, the conviction is illegal as a result to fundamental deficiencies and factual basis taken under abuse.

(Nolan's amended motion § 2255 mot. at 6)

A review of the heading of Ground Two set forth in Nolan's memorandum of law articulates the claim more clearly:

> Petitioner was the victim of ineffective assistance of counsel when counsel over represented issues that allowed his sentence to be enhanced and during the sentencing and appellate stages of the underlying proceedings where counsel failed to argue that petitioner Nolan's career offender sanctions and criminal history calculations were grossly erroneous.

(Nolan's Mem. at 11)

Nolan states further in the body of his argument that:

> The ineffectiveness arose on June 10, 2003, when counsel Flynn moved to withdraw the guilty plea under the above referenced signed plea for a worse plea to wit, allowed the Court to impose the unconstitutional term imposed and now under instant attack....
>
> Petitioner by counsel's deficient performance at this critical stage plea was withdrawn by the court and a second plea agreement was entered on August 11, 2003. The second plea makes note that Petitioner Nolan would be sentenced as an Armed Career Criminal if and based upon the judge's determination with respect to Petitioner's past conviction, to wit, were not even proven beyond a reasonable doubt.
>
> \*\*\*
>
> With respect to these unconstitutional events, Petitioner submits that had it not been for counsel's deliberate indifference by withdrawing the initial plea the outcome certainly would have been different and a term of no more than 37 months worse case scenario would have been imposed, because the court at that time would have been bound by these guidelines. Had Petitioner been sentenced on July 1, 2003, which was his first sentencing date under the initial plea, the Blakey case would have been decided and Petitioner would have been in perfect harmony for resentencing under the Supreme Court's findings...

See Nolan's Mem. at 11-12.

The crux of Nolan's second ground for relief appears to be that he received

ineffective assistance of counsel because counsel allowed him to withdraw from his first guilty plea, which was entered pursuant to a Plea Agreement that did *not* contain language informing Nolan that he could be classified and sentenced as an Armed Career Criminal, and then counseled him to enter a second guilty plea which was entered pursuant to a Plea Agreement that *did* contain language informing Nolan that he could be classified and sentenced as an Armed Career Criminal. Nolan seems to believe that had he gone forward with his first guilty plea, he would not have been sentenced as an Armed Career Criminal.

A movant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). To succeed on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced the movant's case. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Sera, 267 F.3d 872, 874 (8th Cir. 2001); DeRoo, 223 F.3d at 925.

An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Strickland, at 687-88; Sera, 267 F.3d at 874. In evaluating an attorney's performance, a court must begin with a "strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." Strickland, 466 U.S. at 689; Sera, 267 F.3d at 874. See also, Ford v. Lockhart, 905 F.2d 458, 462 (8th Cir. 1990) (evaluation of a claim of ineffective assistance of counsel is highly deferential with a strong presumption that counsel acted competently).

To establish prejudice, the movant must prove that a reasonable probability exists that, but for counsel's errors, the results of the proceeding would have been different. Strickland, 466 U.S. at 694; DeRoo, 223 F.3d at 925.

As a result, in order to prevail on his claim of ineffective assistance of counsel, Nolan must first establish that his counsel's conduct in directing him to withdraw from his first plea and then enter a second plea was constitutionally infirm. Then, Nolan must show that there is a reasonable probability that, had counsel not so directed Nolan, the outcome of his proceedings would have been different. That is, he must establish that his sentence would have been different in that he would not have been classified as an Armed Career Criminal and therefore sentenced to a term of no less than fifteen years' imprisonment.

Nolan is unable to establish the prejudice prong of the *Strickland* analysis. As a result, I do not need to consider whether counsel's performance was constitutionally infirm. Young v. Bowersox, 161 F.3d 1159, 1160 (8th Cir. 1998) (quoting Strickland, 466 U.S. at 697), (A court need not even determine whether a

movant meets the "performance" prong of the *Strickland* test because both the United States Supreme Court and the Eighth Circuit Court of Appeals have noted that "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed'"). See also, Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir.) (if the petitioner makes an insufficient showing on one component, the court need not address both components).

    Here, Nolan simply cannot establish that he was prejudiced by counsel's performance. Whether counsel encouraged Nolan to withdraw from his initial plea or not, Nolan's criminal history required that he be sentenced as an Armed Career Criminal. This statutorily mandated sentence would have been imposed whether Nolan was sentenced under his first plea or his second plea. Nolan's classification as an Armed Career Criminal was required by statute, 18 U.S.C. § 924(e). Therefore, I did not have any discretion in sentencing him and his attorney was not ineffective when I imposed the sentence required by statute. Regardless of what transpired at the change of plea proceedings, the applicable statute required me to sentence Nolan to a mandatory minimum sentence of 180 months. Because Nolan cannot establish prejudice, Nolan's second ground for relief is without merit and is therefore, denied.

### C. Nolan's Sentence was consistent with established Constitutional Law.

For his third ground for relief, Nolan asserts that "Petitioner was sentenced under invalid law to wit the Supreme Court has held it is unconstitutional to impose a term under the U.S.S.G. that violates a defendant's Fourth, Fifth and Sixth Amendment rights, as was the case in Petitioner's imposition of 180 months." See Nolan's § 2255 Motion, pg. 8.

In his memorandum of law, Nolan explains further:

> ... [W]hen the Supreme Court held in Blakey and Booker, and moreover, their specific findings and statements on January 12, 2005, when the court unconditionally admitted that the Sixth Amendment is violated when an enhanced sentence is based upon the judges determination of facts other than a prior conviction that is found by a jury nor admitted by a defendant, such sentence is clearly unreasonably. Because Petitioner was enhanced on claims and penalties under 924(e), a statute not charged in his indictment, and further, was vindictively applied per counsel's deficient performance to not enforce the initial plea, which did not call for any 924(e) factors, the conviction itself is completely illegal and an abuse of authority.

(Nolan's Mem. at 15)

Nolan's third ground for relief is simply a restatement of the basis for relief set forth in his first ground for relief. As a result, for the reasons stated earlier,

Nolan's third ground for relief is denied both because it is procedurally barred and because it fails on the merits.

**D. Nolan's Sentence did not constitute Double Jeopardy**

For his fourth, and final, ground for relief, Nolan asserts that his term of imprisonment was imposed in violation of his "double jeopardy" rights. More specifically, he states:

> Petitioner was sentenced to 180 months followed by a double jeopardy term of supervised release, in addition the Petitioner received a fine or special assessment; this is three types of sentences in violation. Due to all these factors, the Petitioner's Constitutional rights are clearly violated.

(Nolan's Am. § 2255 Mot. at 9)

First, Nolan's fourth claim for relief fails because Movant's claim is procedurally barred. This is a ground Nolan could have raised on direct appeal but failed to do so. Thus, he cannot now bring the claim in his § 2255 motion. Dukes, 255 F.3d at 913; United States v. Morgan, 230 F.3d at 1067, 1069-70 (8th Cir. 2000); Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993).

Second, Nolan's fourth claim fails on the merits as well. Nolan was convicted under Title 18. The penalty for that statute is set forth in Title 18 U.S.C. § 924. In addition, however, Title 18 also provides for the imposition of a term of

supervised release after imprisonment.

Specifically, Title 18 U.S.C. § 3582(a) provides that:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment....

18 U.S.C. § 3583.

Clearly, Congress has determined that a term of supervised release is part of a sentence imposed. Contrary to Nolan's argument, he did not receive multiple sentences for a single bad act. The term of imprisonment together with the term of supervised release and a special assessment, all required by statute, form only one sentence. Nolan's argument is without merit and is denied.

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253 (c)(1)(B). To grant such certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253 (c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among

reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.). Because I am of the opinion that Nolan has made no such showing as to the grounds raised in his motion, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion and amended motion of Melvin Nolan for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 are denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued because Nolan has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

                                                                      _____
                                                                      RODNEY W. SIPPEL
                                                                      UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2007.